IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LISA LEE SHILOH, | : | |
|---|---|---|
| | : | 4:12-cv-1086 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| JOHN DOES, et. al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### December 10, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 15), filed on October 22, 2012, which recommends that Plaintiff Lisa Shiloh's ("Plaintiff") complaint be dismissed with prejudice. Objections to the R&R were due by November 30, 2012 and to date none have been filed. For the reasons set forth below, the Court will adopt the R&R in its entirety.

**I.   STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the

1

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.     PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed the instant complaint on June 8, 2012 (Doc. 1), accompanied by an application to proceed *in forma pauperis*. (Doc. 2). On August 10, 2012, Magistrate Judge Blewitt issued a R&R screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), wherein he recommended that all but two of Plaintiff's claims be dismissed with prejudice. (Doc. 8). The Magistrate Judge specifically recommended that Plaintiff be granted leave to amend her complaint with respect to her Fourth Amendment excessive force claim and her Fourteenth Amendment claim of denial of medical care. On September 4, 2012, we

2

adopted Magistrate Judge Blewitt's recommendations and granted Plaintiff leave to file an amended complaint with respect to the aforementioned claims. (Doc. 11). Plaintiff was given until September 24, 2012 to file her amended complaint.

On September 11, 2012, Plaintiff filed a motion requesting an extension of time to file her amended complaint (Doc. 12), which we granted by Order dated September 14, 2012 (Doc. 13). Plaintiff was thus given until October 14, 2012 to file her amended complaint. Plaintiff never filed an amended complaint. Thereafter, on October 22, 2012, Magistrate Judge Blewitt issued the instant R&R (Doc. 15) advising this Court to dismiss Plaintiff's remaining two claims with prejudice since Plaintiff had abandoned her claims. The initial objection period for the instant R&R ended on November 5, 2012. However, on November 5, 2012, Plaintiff filed a Notice of Change of Address with the Court (Doc. 17), and indicated that she had not received the October R&R. In response, on November 8, 2012, we issued an Order (Doc. 18) changing the Plaintiff's address and extending the time to file her amended complaint or object to the R&R until November 30, 2012. However, the November 30th deadline has now passed, and the Plaintiff has yet to file an amended complaint or objections to the October R&R. Thus, for the reasons that follow, we will adopt the October R&R in its entirety and dismiss Plaintiff's complaint with prejudice.

## III. DISCUSSION

This action arises out of conduct allegedly taken by the arresting officers during Plaintiff's arrest which took place at 68 Matthew Court, Littlestown, Pennsylvania, on June 15, 2010, at approximately 4:30 a.m. In her complaint, Plaintiff alleges, *inter alia*, that the arresting officers fired tear gas canisters into her home, forced her to the ground at gunpoint while she was nude, clothed her while she was restrained; and that she was refused proper medical care for injuries she sustained during the arrest. Plaintiff's complaint identified eight law enforcement officers–both state and local– by name, the Littlestown Chief of Police by title, several John Doe state and local law enforcement officers by their barracks location, and John Does as Defendants.

In the instant R&R, Magistrate Judge Blewitt reviewed his screening R&R of August and the Court's subsequent Order of September 4 which adopted the August R&R in its entirety. As the Magistrate Judge noted, after the Court's September 4 Order, Plaintiff had until October 14 to file an amended complaint regarding her Fourth Amendment excessive force claim and her Fourteenth Amendment claim of denial of medical care. The Magistrate Judge correctly noted that because Plaintiff failed to file her complaint by October 14, 2012, the Court could dismiss her complaint pursuant to Federal Rule of Civil Procedure 41(b) for "failure of the

plaintiff to *prosecute* or comply with these rules or *order of court . . .*" Fed. R.Civ.P. 41(b)(emphasis added).[1]

Nonetheless, Magistrate Judge Blewitt, in the utmost fairness to this *pro se* Plaintiff, undertook a *Poulis* analysis of Plaintiff's claim.[2] In his application of the *Poulis* factors, the Magistrate Judge found that Plaintiff did not provide an explanation for failing to comply with the Court's Orders.[3] Magistrate Judge Blewitt also correctly assessed that Plaintiff's complaint prejudices Defendants by naming them to a federal lawsuit wherein no action, including service of proper pleading, has been made. The Magistrate Judge ultimately concluded that the *Poulis* factors weigh in favor of dismissing the case. Additionally, Magistrate Judge Blewitt's application of the *Poulis* factors led him to conclude that Plaintiff had abandoned her case.

---

[1] Plaintiff's change of address does not affect this analysis. Plaintiff's change of address resulted in her not receiving the October R&R. She received the Court's Order of September 4 on time and was under court order to file an amended complaint by October 14, 2012.

[2] The Federal Court of Appeals for the Third Circuit, in *Poulis v. State Farm Fire & Casualty Co.*, 757 F.2d 863, 868 (3d Cir. 1984), set forth the factors for determining whether to dismiss an action where the plaintiff fails to prosecute or fails to comply with court orders.

[3] Although Plaintiff notified the Court that she did not receive a copy of the October R&R, which explains her inability to file objections to that R&R by November 5, 2012, this does not explain her failure to file an amended complaint nor her failure to file objections to the R&R by November 30, 2012.

5

As we have already mentioned, Plaintiff has not filed objections to the October R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the complete reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.