UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


LISA LEE SHILOH, :
      Plaintiff : CIVIL ACTION NO. 4:12-CV-1086
:
: (Judge Jones)
v. :
: (Magistrate Judge Mehalchick)
JOHN DOES, et al., :
      Defendant :
:


## MEMORANDUM

On June 8, 2012, Plaintiff, Lisa Lee Shiloh, filed *pro* se, a civil rights action with this Court pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff listed numerous Defendants in her Complaint, suing them both in their individual and their official capacities:

1. John Does of Pennsylvania State Police Gettysburg, who were State Police Officers at all times relevant to this action.

2. John Does of Adams County Drug Task Force, who were Police Officers at all times relevant to this action.

3. John Does of Adams County Sheriff's Department, who were Police Officers at all times relevant to this action.

4. John Does of Littlestown Police Department, who were Officers at all times relevant to this action.

5. Littlestown Chief of Police, who was Chief of Police at all times relevant to this action.

6. John Does of the Special Emergency Response Team (SERT) of Adams County, who were SERT Officers at all times relevant to this action.

7. John Does of Cumberland Township Police Department, who were Police Officers at all times relevant to this action.

8. Kennith Hassinger, Corporal of Adams County Drug Task Force, who was Supervisor at all times relevant to this action.

9. James O'Shea, Pennsylvania State Trooper of Adams County Drug Task Force, was a State Trooper at all times relevant to this action.

10. Douglas Hilyard, Littlestown Police Officer and Adams County Drug Task Force, was a Police Officer at all times relevant to this action.

11. Christopher Keppel, Pennsylvania State Trooper, Gettysburg [sic] was a State Trooper at all times relevant to this action.

12. John Brumbaugh, Pennsylvania State Trooper, Gettysburg [sic] was a State Trooper at all times relevant to this action.

13. Eric Beyer, Pennsylvania State Trooper, Gettysburg [sic] was a State Trooper at all times relevant to this action.

14. David Olweiler, Pennsylvania State Trooper, Gettysburg [sic] was a State Trooper at all times relevant to this action.

15. Edward Crouse, Pennsylvania State Trooper, Gettysburg [sic] was a State Trooper at all times relevant to this action.

16. John Does.

(Doc. 1, pp. 2-3).

On September 4, 2012, the Court adopted Magistrate Judge Blewitt's Report and Recommendation (Doc. 8) in its entirety and dismissed Plaintiff's Complaint with leave to amend her Fourth and Eighth Amendment denial of medical claims only. (Doc. 11). Plaintiff filed an Amended Complaint on December 3, 2012. (Doc. 19). According to Plaintiff, at approximately 4:30 a.m. on June 15, 2010, the aforementioned Defendants violated her Fourth, Eighth and Fourteenth Amendment rights as well as her rights under Article I, Section 8 of the Pennsylvania Constitution when they entered her residence at 68 Matthew Court in Littlestown, Adams County, Pennsylvania, and arrested her. (Doc. 19, pp. 2-3).

On May 14, 2013, this Court entered an Order (Doc. 36) adopting a second Report and Recommendation of Magistrate Judge Blewitt (Doc. 32), in which all of Plaintiff's claims were dismissed except for Plaintiff's Fourth Amendment excessive force claim to proceed as against Defendant John Doe of the Pennsylvania State Police Special Emergency Response Team.

Further, the Court dismissed Plaintiff's failure to intervene with excessive force claim, but did so with leave to amend, if during discovery facts are revealed upon which Plaintiff may proceed on that claim, and <u>after filing an appropriate motion for leave to do so.</u> (Doc. 36, p. 6).

On June 6, 2013, this Court issued an Order (Doc. 42) granting Plaintiff an additional sixty days to provide the Court with the names of her John Doe Defendants. On August 9, 2013, Plaintiff filed another Amended Complaint (Doc. 49), adding the same named Defendants as in her original Complaint (Doc. 1), and alleging against them a Fourth Amendment Excessive Force claim. As such, at this time, the Defendants in the case are the John Doe SERT Officers, and Kennith Hassinger, James O'Shea, Douglas Hilyard, Christopher Keppel, John Brumbaugh, Eric Beyer, David Olweiler, Edward Crouse, and Scott Miller. Essentially, Plaintiff has amended her Complaint to include the individually named Defendants in her Fourth Amendment Excessive Force Claim.[1]

Plaintiff has also filed a Motion for Extension of Time and to Compel Documents to Identify the SERT Officers involved (Doc. 47), and a Motion to Compel (Doc. 52). Specifically, Plaintiff has alleged that she has made requests of various agencies and has either been denied those requests, or is still awaiting responses. She also seeks an order compelling the lead investigator in her criminal matter to forward "all records, reports, logs, consultations, application of search warrant, manner of execution of warrant, officer's involved and present before and during the execution of the warrant, badge numbers, duty of officer, to include equipment utilized. All information pertaining to the execution of the warrant on 68 Matthew Court, Littlestown, Adams County, on June 15, 2010, Incident Number H-06-1938911." (Doc.

---

[1] These individually named Defendants were previously only Defendants on Plaintiff's claims that have since been dismissed by the Court. (Doc. 1, Doc. 49).

17). Plaintiff further alleges that she has no means to hire a private investigator to retrieve the necessary information to further her case. (Doc. 17). Plaintiff has also sent requests to her former criminal defense attorney, but has not yet received a response, and has also contacted the Internal Affairs office but has not yet received a response. (Doc. 52).

Based on the foregoing, and specifically, that Plaintiff is making reasonable efforts to obtain the discoverable information, the Court will, for good cause shown, grant Plaintiff an additional sixty (60) days to name the John Doe Defendants. However, the Court will deny Plaintiff's Motion to Compel. Plaintiff has not established that she has exhausted all methods or means by which to obtain the information she seeks. Additionally, simply because Plaintiff is *pro se* and allegedly lacks financial resources, does not entitle her to conduct her discovery free of charge. *See Victor v. Lawler*, 2010 WL 2326248, *3-4 (M.D.Pa. June 2, 2010) (the law is well-settled that *pro se* litigant must pay for the expenses involved in their civil actions); *see also Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W.D.Pa.) (Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshall to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant).

An appropriate Order follows.

Date: September 4, 2013

/s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**