UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA LEE SHILOH,<br><br>            Plaintiff<br><br>v.<br><br>CORPORAL KENNETH HASSINGER,<br>et al.,<br><br>            Defendants | CIVIL ACTION NO. 4:12-CV-01086<br><br>(JONES, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This matter is before the Court by way of Plaintiff's motion for leave to file an amended complaint to add new parties. (Doc. 106). For the reasons provided herein, the Court will deny Plaintiff's motion.[1]

I. **BACKGROUND**

On June 8, 2012, Plaintiff Lisa Lee Shiloh, proceeding *pro se*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983, asserting claims under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Section 8 of the Pennsylvania Constitution against a number of John Doe Defendants and named officers.

---

[1] Among the District Courts within the Third Circuit, a motion to amend is generally treated as a nondispositive matter, subject to decision by the magistrate judge. *Aguiar v. Recktenwald*, No. 3:13-CV-02616, 2014 WL 6062967, at *2 (M.D. Pa. Nov. 12, 2014) *aff'd*, No. CIV.A. 3:13-2616, 2015 WL 4066703 (M.D. Pa. July 2, 2015); see *Stridiron v. Mobile Paint Mfg. Co. of Delaware*, No. CIV.2002/44, 2003 WL 23198843, at *1 (D.Vi. Dec.15, 2003); *Thomas, D.M.D. v. Ford Motor Co.*, 137 F.Supp.2d 575, 579, (D.N.J.2001); *Fishbein Family Partnership v. PPG Indust., Inc.*, 871 F.Supp. 764, 769 n. 4 (D.N.J.1994); see also *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir.1993).

(Doc. 1). Shiloh's claims arise out of the execution of a search warrant and her arrest on June 15, 2010, at her residence in Littlestown, Pennsylvania. (Doc. 1).

Prior to service of the complaint, the Court dismissed all claims against Defendants, but granted Shiloh leave to amend her complaint only with respect to her Fourth Amendment excessive force claim and Fourteenth Amendment denial of medical care claim. (Doc. 11). On December 3, 2012, Plaintiff filed an amended complaint. The Court again dismissed all claims in the amended complaint with the exception of Shiloh's Fourth Amendment excessive force claims against John Doe Defendants. (Doc. 32-2, at 1). On May 20, 2013, the Court issued an Order directing the United States Marshal to serve Plaintiff's amended complaint. (Doc. 37). On May 30, 2013, the summons was returned unexecuted because the John Doe Defendants could not be sufficiently identified. (Doc. 41) On June 6, 2013, Shiloh was directed to provide the Court with the names of her John Doe Defendants within sixty (60) days of the date of the Order so that service could be effectuated. (Doc. 42). On August 9, 2013, Shiloh filed an amended complaint identifying the following individuals as defendants against whom she was asserting her remaining Fourth Amendment excessive force claim: Corporal Kenneth Hassinger, Trooper James O'Shea, Trooper Christopher Keppel, Trooper John Brumbaugh, Trooper David Olweiler, Edward Crouse, Officer Douglas Hilyard, and Scott Miller. (Doc. 49). She indicated that other unnamed defendants existed but that she was unable to identify those defendants. On March 24, 2014, the Court dismissed John Doe Defendants pursuant to Rule 4(m) and Rule 21 of the Federal Rules of Civil Procedure. (Doc. 70). On January 28, 2014, summons was issued as to the named Defendants. (Doc. 66). On June 11, 2014, the Defendants waived service, almost four years after the incident that is the subject of this instant action. (Doc. 75).

On December 22, 2014, Shiloh filed a motion for leave to file an amended complaint. (Doc. 106). In her motion, she alleges that she has only recently received discovery withheld from Defendants and on the basis of that discovery, she is finally able to identify previously dismissed John Doe defendants. Specifically, she requests that this Court grant her leave to add the following defendants to her civil action: Sergeant Gary Carter, Corporal Douglas Hewell, Corporal Barry Brinser, Corporal Michael Kapp, Corporal Thomas Barton, Sergeant Skrutski, Lieutenant Joseph B. Wilson, Trooper John Mallon, Trooper Yount, Koch, Tremba, Radziewicz, Rowlands, Lang, Fow, Broaddus, Davis, Talijan, Pelotte, Frisk, Wirth, Allar, Eisenhower, Fidati, Edwards, Debellis, Gaspich, Sandusky, Merante, Williams, and Thomas Alstead. (Doc. 106). On January 30, 2015, Defendants filed a brief in opposition to Shiloh's motion for leave to file an amended complaint. (Doc. 118). On February 17, 2015, Shiloh filed a reply brief. (Doc. 123).

## II. DISCUSSION

### A. LEGAL STANDARD

While "Rule 15(a) favors a liberal policy for the amendment of pleadings, if a litigant seeks to add a party after the statute of limitations on its claim has run, 'the essence of Rule 15(a) is not reached,' unless the Court finds that the requirements of . . . 15(c), which governs the relation back of amendments, have been satisfied." *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 36 (E.D. Pa. 1996)(quoting *Cruz v. City of Camden,* 898 F.Supp. 1100, 1115 (D.N.J.1995)). Here, it is uncontested that the statute of limitations on Shiloh's claims expired in June 15, 2012, as the incidents giving rise to the above-captioned action transpired in June 15, 2010. *See Bougher v. Univ. of Pittsburgh,* 882 F.2d 74, 78 (3d Cir.1989). Thus, Shiloh "may not add the

proposed new defendants to this action unless the proposed . . . [a]mended [c]omplaint 'relates back' to the date of h[is] original filing" on June 8, 2012. *Wine*, 167 F.R.D. at 36.

An amended complaint will relate back only if three conditions specified in Rule 15(c) of the Federal Rules of Civil Procedure are satisfied. Rule 15(c) states, in relevant part:

> (1) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when . . .
>
>> B.  the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>> C.  the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action against it, but for a mistake concerning the proper party's identity

Fed. R. Civ. P. 15(c). Thus, if a plaintiff seeks to add or substitute a new party to the complaint, the plaintiff has the burden of establishing that (1) the amended complaint relates to the same conduct, transaction or occurrence set forth in the original complaint; (2) the proposed defendant had notice of the action within the 120-day time period subsequent to the filing of the original complaint such that he will not be prejudiced in maintaining the action; and (3) the proposed new defendant knew or should have known that but for a mistake of identity of the proper party, he would have been named in the original complaint. Fed.R.Civ.P 15(c)(1). The parties do not dispute that the proposed amendment meets the requirement that the claims against the proposed defendants arise "out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed.R.Civ.P. 15(c)(2). The crux of the relation back inquiry in this case then, is whether the proposed defendants received notice of the institution of the

action, and whether defendants knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them.

### 1. Notice

Rule 15(c)(3) stipulates that the party to be added by an amended complaint receive such notice that no prejudice will result in presenting his defense on the merits. Rule 15(c) does not demand actual service of process on a newly named defendant to satisfy the notice requirement. Rather, the Court of Appeals for the Third Circuit has held that notice of the institution of the action can be constructive or implied under Rule 15(c). *Singletary v. Pennsylvania Dep't of Corrections,* 266 F.3d 186, 196 (3d Cir. 2001). A plaintiff who relies on constructive notice must demonstrate such notice through two methods: (1) the shared attorney method; or (2) the identity of interest method. *Id.* at 196-200. However, "the notice received must be more than notice of the event that gave rise to the cause of action, it must be notice that the plaintiff has instituted the action. *Id.*

#### a. Shared Attorney Method

"The 'shared attorney' method is based on the notion that when the originally named defendant and the defendants ought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action.'" *Jamison v. City of York*, No. CIV.A. 1:09-CV-1289, 2010 WL 3923158, at *6 (M.D. Pa. Sept. 30, 2010) (quoting *Singletary,* 266 F.3d at 196). "The applicable test is not whether new defendants will be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney" within the 120 day period. *Garvin v. City of Philadelphia*, 354 F.3d 215, 223 (3d Cir. 2003); *Miller v. City of Philadelphia*, No. CIV.A. 13-02145, 2014 WL 2957666, at *3 (E.D. Pa. June 27, 2014) *reconsideration denied,* No. CIV.A. 13-

02145, 2014 WL 3579295 (E.D. Pa. July 21, 2014). Here, there is no evidence of shared legal representation between the named Defendants and officers sought to be named in the amended complaint.[2] This Court will decline imputing notice under the shared attorney method.

      b. <u>Identity of Interest Method</u>

Notice may also be imputed under the "identity of interest method," which requires that the plaintiff demonstrate that the named and proposed defendants are "so closely related in their business operations or other activities that the institution of the action against one serves to provide notice of the litigation to the other." *Singletary*, 266 F.3d at 197 (internal quotations omitted). Here, the proposed defendants and currently named Defendants are purportedly employed in various capacities by the Pennsylvania State Police.[3] Shiloh appears to argue that

---

[2] Shiloh contends that the shared attorney method should impute notice to the proposed defendants because counsel for the Defendants "ha[d] some communication or relationship with the John Doe/SERT Defendants." (Doc. 106, at 3). In support of that argument, Shiloh cites to the declaration of proposed defendant Gary Carter that was obtained by counsel for the Defendants on November 5, 2014, to be included as support for Defendants' motion for summary judgment. (Doc. 96-2, at 4). However, "[e]ven if a relationship between [counsel for Defendants] and [Gary Carter] could be established as of the date of [the declaration], it still would not satisfy the shared attorney method because [November 5, 2014] falls outside of the requisite 120-day period during which notice must be given." *Ayres v. Berks Cnty. Sheriff's Dep't*, No. CIV.A. 09-1512, 2010 WL 816336, at *3 (E.D. Pa. Mar. 9, 2010).

[3] "Courts . . . have repeatedly found that police officers[, police corporals,] and police sergeants are non-managerial employees of a municipal-entity employer under the identity-of-interest test." *Martin v. City of Reading*, No. 12-CV-03665, 2015 WL 390611, at *8 (E.D. Pa. Jan. 29, 2015)(citing *Garvin v. City of Philadelphia,* 354 F.3d 215 (3d Cir. 2003); *Huertas v. City of Philadelphia,* 188 Fed. Appx. 136 (3d Cir. 2006); *Ayres v. Berks County Sheriff's Department,* 2010 WL 816336 (E.D. Pa. Mar. 9, 2010); *Buchanan v. White Whiteland Township,* 2008 WL 4613078 (E.D. Pa. Oct. 15, 2008); *Hiscock v. City of Philadelphia,* No. 12–cv–2204, 2013 WL 686350 (E.D. Pa. Feb. 26, 2013).

the working relationship between the parties should be sufficient to impute notice to the proposed defendants, as all of these individual officers were allegedly present for the execution of the search warrant at her residence where tear gas was deployed. Specifically, Shiloh maintains that the "proposed new defendant[s] would have learned of the pending action through Defendant Kenneth Hassinger, a corporal and unit supervisor." (Doc. 123). However, "[p]resence at the scene of the incident does not provide the . . . defendants with the requisite notice. At the time of the incident, there was not yet a complaint of which the . . . defendants (or their employer or fellow officers) could have been aware." *Martin v. City of Reading*, No. 12-CV-03665, 2015 WL 390611, at *7 (E.D. Pa. Jan. 29, 2015). Moreover, "just because the proposed defendants and . . . originally named defendant[s] are police officers, [does not mean] that there is a sufficient identity of interest to impute notice." *Miller v. City of Philadelphia*, No. CIV.A. 13-02145, 2014 WL 2957666, at *4 (E.D. Pa. June 27, 2014) *reconsideration denied,* No. CIV.A. 13-02145, 2014 WL 3579295 (E.D. Pa. July 21, 2014) (citing *Brown v. McElwee,* No. 12–3547, 2012 WL 5948026, at *6 (E.D.Pa. Nov. 7, 2013) (refusing to impute notice even though a police officer originally named in the complaint shared an office with a police officer proposed as a defendant)). Indeed, Shiloh does not explain the relationship between Defendant Kenneth Hassinger, a "Unit Supervisor for Troop H Tactical Narcotic Team," as conceded by Shiloh in her reply brief, and the proposed defendants who are allegedly hold positions with the "Pennsylvania State Police Eastern Region Special Emergency Response Team," that could permit the inference that these individual officers received imputed notice of this action. (Doc. 106, at 8).    Hence, on the present record, this Court cannot conclude that Shiloh has met her burden of demonstrating that the circumstances should permit the inference that the proposed defendants received notice of the pendency of the lawsuit from a fellow officer.

**III.    CONCLUSION**

As Shiloh has not met the notice prong of the relation back test, the Court need not address whether Defendants knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. Accordingly, this Court will deny Plaintiff's motion to amend her complaint to add these individual police officers as defendants. (Doc. 106).

An appropriate Order will follow.

BY THE COURT:

**Dated: July 17, 2015**          *s/ Karoline Mehalchick*
                                  **KAROLINE MEHALCHICK**
                                  **United States Magistrate Judge**